## O'DAY *v.* CHAFFEE.

*(Supreme Court, General Term, Fifth Department.* June, 1892.)

1. BOHEMIAN SEED NOTE—ACTION ON—EVIDENCE—FRAUD.

In an action on a Bohemian seed note, given a certain company in part payment for so many bushels of oats, evidence that the company had failed to deliver the oats was competent, as bearing upon the question of fraud.

2. SAME.

Defendant, at the time of executing the said note, executed another also to a third person, which, with the one in suit, was in full payment for the oats. *Held,* that an inquiry of the defendant as to whether the said person had not afterwards delivered up the note "without payment" was improper.

Appeal from circuit court, Erie county.

Action by John O'Day against Byron Chaffee. From a judgment in defendant's favor, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Richard Crowley,* for appellant. *Frank C. Laughlin,* for respondent.

LEWIS, J. This action was brought to recover upon a promissory note made by the defendant, in the words and figures following: "CLARENCE, N. Y., October 17, 1889. On the first day of December, 1890, I promise to pay to W. J. Curtiss or bearer, for seed grain, one hundred dollars, at Tabor & Wiltse's, of Akron, N. Y., value received, with interest." The defendant admitted the making of the note, but denied that the plaintiff was a *bona fide* holder thereof, and claimed that it was obtained from him by fraud. The note is what has come to be known in the rural districts of this state, and to the courts, as a "Bohemian Seed Note." It was obtained from the defendant by Mr. W. J. Curtiss, who claimed to be acting as the agent of a corporation by the name of the Pennsylvania Seed Company, Limited. The note was given by the defendant in part payment for 20 bushels of oats, to be delivered to the plaintiff at the price of $15 a bushel. It is not necessary to rehearse the scheme and plan of operations of this seed company, through whose agent this and similar notes have been obtained, for the main and principal features thereof were fully explained to the defendant before he consented to give the note. He fully comprehended them, and evidently thought he discovered an opportunity to make some money, provided the company carried out its agreement with him. There was, however, sufficient evidence given upon the trial that a fraud was practiced upon the defendant by the seed company's agent in obtaining the note, so that the burden of proof was put upon the plaintiff of satisfying the jury that he was a *bona fide* holder of the note for value. The circumstances under which the plaintiff came into possession of the note, as related by him, were such as to justify the jury in finding that he was not a *bona fide* holder for value. His uncertainty while testifying as to the amount that he claimed to have paid for the note, the fact that he pur-

chased it just before it fell due, and so long after it was given, and other circumstances disclosed in his testimony, tended to throw doubt in the minds of the jury as to his having, in fact, ever purchased the note. The evidence that the company failed to deliver the oats was competent, as bearing upon the question of fraud on the part of the company, for if it did not intend, when it made the agreement, to deliver the oats to the defendant, it was guilty of a fraud. The declaration of Mr. Dancer, that "the company had busted up, and was a swindling operation," was not competent evidence. It was the statement of a third party, made long after the giving of the note in suit; but the error of its admission was cured, for when it came to be known when the statement was made, and it was made to appear that it was made long after the giving of the note, upon motion of plaintiff's counsel it was stricken out of the case. It had appeared upon the trial that, at the time of the making of the note in suit, the defendant executed and delivered to Mr. Dancer a promissory note for the sum of $200, which, with the hundred dollar note in suit, was, in full payment for the 20 bushels of oats. The question propounded to the defendant by his counsel, "Did Mr. Dancer afterwards surrender up to you the two hundred dollar note held by him, without any payment?" was incompetent and improper. Its vice consisted, not in the fact that Dancer delivered the note to the defendant, but that he surrendered it without its being paid. The answer was, "He did deliver the note to me." He did not testify that it was surrendered without payment. We have examined all the exceptions raised by the appellant's counsel, and fail to find anything in them justifying a reversal of the judgment. We think there was sufficient evidence to sustain the verdict of the jury, and the judgment and order appealed from should be affirmed. All concur.